Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 04 C 3395 | DATE | November 18, 2004 |
| CASE TITLE | Edwards v. City of Chicago | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

DOCKET ENTRY:

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]

The City's motion to dismiss Edwards' complaint is denied in part and granted in part. We grant the City's motion to dismiss Edwards' claim for gender discrimination under § 1981. We deny the City's motion with respect to all other parts of Counts I and II [6-1].

No notices required, advised in open court.
No notices required.
Notices mailed by judge's staff.
Notified counsel by telephone.
✓ Docketing to mail notices.
Mail AO 450 form.
Copy to judge/magistrate judge.

courtroom deputy's initials: TSA

number of notices

NOV 2 2 2004 date docketed

Document Number: 23

date mailed notice

Date/time received in central Clerk's Office

mailing deputy initials

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| PRISCILLA EDWARDS, | ) | |
|---|---|---|
| | ) | **DOCKETED** |
| Plaintiff | ) | |
| v. | ) No. 04 C 3395 | NOV 2 2 2004 |
| | ) | |
| CITY OF CHICAGO, | ) Judge Wayne R. Andersen | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This case is before the Court on the defendant's motion to dismiss the plaintiff's complaint pursuant to FED R. CIV. P. 12(b)(6). The charges contained in the complaint are summarized as follows: Count I alleges race and gender discrimination under Title VII of the Civil Rights Act of 1991, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII") and 42 U.S.C. § 1981 ("§ 1981"); Count II alleges age discrimination under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 *et seq.* ("ADEA"). For the reasons set forth below, the motion is denied in part and granted in part.

### BACKGROUND

Plaintiff Priscilla Edwards ("Edwards"), an African-American woman, was employed by the defendant City of Chicago ("City") as a communicable disease investigator for the City's Department of Public Health ("DPH"). From October 17, 2001 through January 16, 2002, Edwards alleges she was subjected to different terms and conditions of employment on the basis of her race and gender. She further alleges the City created an "inherently discriminatory"

1



working environment where she was harassed and was the target of racially derogatory comments. In addition, Edwards, who was then fifty-four years old, alleges the City discriminated against her based on age.

On March 5, 2002, Edwards filed charges of discrimination with the Equal Employment Opportunity Commission ("EEOC"). In her EEOC claim, Edwards alleges that from October 17, 2001 through January 16, 2002, Osagie Igbinosun, a tuberculosis field supervisor within DPH, attempted to have her transferred to another work location due to her race, gender, and age. According to her EEOC claim, similarly situated, non-African-American and non-female communicable disease investigators under the age of forty were not harassed. The EEOC dismissed Edwards' claim on February 11, 2004 and issued a right-to-sue letter. Edwards filed this complaint on May 14, 2004.

## DISCUSSION

When reviewing a motion to dismiss, we accept as true all "well-pleaded factual allegations and view them, along with the reasonable inferences to be drawn from them, in the light most favorable to [the plaintiff]." *Cornfield v. Consolidated High School Dist. No. 230*, 991 F.2d 1316, 1324 (7th Cir. 1993). Furthermore, under the federal notice pleading requirements, a plaintiff is only required to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." FED. R. CIV. P. 8(a). In other words, a "pleading must only contain enough to allow the court and the defendant to understand the gravamen of the plaintiff's complaint." *McCormick v. City of Chicago*, 230 F.3d 319, 323-24 (7th Cir. 2000). However, we will grant a defendant's motion to dismiss if it "appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle

2

[her] to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

I.  **Count I: Race and Gender Discrimination Under § 1981 and Title VII**

In Count I of her complaint, Edwards raises allegations of race and gender discrimination under § 1981 and Title VII. The Court addresses each of these claims in turn.

A.  **§ 1981 Race and Gender Discrimination Claim**

The City challenges Edwards' § 1981 claim for racial discrimination on the theory that she has failed to state an appropriate cause of action under the statute. To allege a violation of her rights under § 1981, Edwards must allege that "(1) the City had an express policy that, when enforced, causes a constitutional deprivation; (2) the City had a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage within the force of law; or (3) [her] constitutional injury was caused by a person with final policy-making authority." *McCormick*, 230 F.3d at 324 (citing *McTigue v. City of Chicago*, 60 F.3d 381, 382 (7th Cir. 1995)).

In this case, Edwards satisfies the *McCormick* standards by alleging that the City created an "inherently discriminatory system" under which she was harassed and subjected to different terms and conditions of employment. We believe these allegations are sufficient to survive a motion to dismiss under the criteria set forth by the Seventh Circuit in *McCormack*. *See id.* at 324-25 (pleading conclusions of widespread custom or practice is sufficient to withstand a motion to dismiss). Accordingly, the City's motion to dismiss Edwards' § 1981 claim for racial discrimination is denied. In addition, Edwards has agreed to voluntarily dismiss her § 1981 claim for gender discrimination. Therefore, that claim is dismissed with prejudice.

3

## B. Title VII Race and Gender Discrimination Claims

The City challenges Edwards' Title VII claims for race and gender discrimination on the theory that she has failed to allege a prima facie case. To bring a claim under Title VII, Edwards can provide direct evidence of discrimination, or alternatively, she can provide indirect evidence of discrimination under the *McDonnell Douglas* framework. *Kirk v. Federal Property Management Corp.*, 22 F.3d 135, 138 (7th Cir. 1994)("[W]here disparate treatment of a single employee is at issue, a plaintiff can either produce direct or indirect evidence of discrimination."). In the present case, Edwards does not allege that she has direct evidence of discrimination. Accordingly, this Court uses the *McDonnell Douglas* framework to determine whether Edwards has sufficiently stated a cause of action for race and gender discrimination under Title VII.

Under *McDonnell Douglas*, a plaintiff may establish a prima facie case of race and gender discrimination by showing that she (1) belongs to a protected class; (2) performed her job satisfactorily; (3) suffered an adverse employment action; and (4) was treated differently than similarly situated employees outside of her class. *Hughes v. Brown*, 20 F.3d 745, 746 (7th Cir. 1994) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)).

We believe Edwards' complaint meets the pleading requirements for a prima facie case of race and gender discrimination under *McDonnell Douglas*. Edwards' complaint states that, as an African-American woman, she belongs to a protected class under Title VII. She maintains that she had a satisfactory record of employment. Furthermore, Edwards' EEOC charge, which was attached to the complaint and is therefore construed in connection with the complaint under FED. R. CIV. P. 10(c), states that similarly situated non-African-American males received more

4

favorable treatment.

The City argues that Edwards fails to meet the third prong of the *McDonnell Douglas* standards for proving a prima facie case because, she has not asserted that she suffered an adverse employment action. However, her complaint states that she was subjected to different terms and conditions of employment due to her race and gender. We believe these allegations plead sufficient facts to establish a cause of action for race and gender discrimination under *McDonnell Douglas*.

In reaching this conclusion, we are also supported by the holding of the U.S. Supreme Court that "an employment discrimination complaint need not [meet the prima facie standard] and instead must contain only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508 (2002) (citing FED. R. CIV. P. 8(a)). As the Court emphasized in *Swierkiewicz*, the "prima facie case under *McDonnell Douglas* . . . is an evidentiary standard, not a pleading requirement." *Id.* at 510. We believe Edwards' Title VII claim meets the required pleading standards. Therefore, we deny defendant's motion to dismiss.

## II. Count II: Age Discrimination Claim Under the ADEA

In Count II of her complaint, Edwards brings a claim for age discrimination under the ADEA. The City challenges Edwards' ADEA claim on the theory that she fails to allege a prima facie case of age discrimination because she fails to allege she suffered an adverse employment action. A plaintiff who brings a claim under the ADEA can either present direct evidence of age discrimination, or alternatively, can provide indirect evidence of discrimination under *McDonnell Douglas*. *Hoffmann v. Primedia Special Interest Publications*, 217 F.3d 522, 523-24 (7th Cir.

2000). Edwards does not allege that she has direct evidence of discrimination. Accordingly, this Court uses the *McDonnell Douglas* framework to determine whether Edwards has sufficiently stated a cause of action for age discrimination under the ADEA.

To state a prima facie case of age discrimination under *McDonnell Douglas*, Edwards must allege that: (1) she was over the age of forty; (2) she was performing at a satisfactory level; (3) she suffered an adverse employment action; and (4) she was treated less favorably than younger, similarly situated employees. *Crady v. Liberty Nat. Bank and Trust Co. of Indiana*, 993 F.2d 132, 134 (7th Cir. 1993).

In this case, Edwards' complaint states that she was over the age of forty and thus she is a member of a protected class under the ADEA. She maintains that she performed her job satisfactorily and performed her duties consistent with the City's rules and regulations. Furthermore, she alleges that she was subject to unequal terms and conditions of employment due to her age and claims that similarly situated communicable disease investigators, under the age of forty, were treated more favorably. Based on these allegations, we believe Edwards' ADEA claim satisfies the pleading requirements.

The City also argues that Edwards must limit the temporal scope of her age discrimination claim to the dates contained in her EEOC claim. In her EEOC claim, Edwards alleges age discrimination during the time period from October 17, 2001 to January 16, 2002. In her present lawsuit, she changed the time period from October 17, 2001 to "the present."

As a general rule, a "plaintiff cannot bring claims in a lawsuit that were not included in the EEOC charge." *Cheek v. Western and Southern Life Insurance Co.*, 31 F.3d 497, 500 (7th Cir. 1994). However, claims that are "like or reasonably related to the allegations of the [EEOC]

charge and grow[] out of such allegations" are permitted. *Id.* In this case, Edwards has pled the same substantive allegations of age discrimination in this lawsuit as she did in her EEOC complaint. The change in time period in which Edwards claims the City discriminated against her is a closely related allegation to those made in her EEOC complaint. Thus, we deny defendant's motion to dismiss on these grounds.

## CONCLUSION

For the foregoing reasons, the City's motion to dismiss Edwards' complaint is denied in part and granted in part. We grant the City's motion to dismiss Edwards' claim for gender discrimination under § 1981. We deny the City's motion with respect to all other parts of Counts I and II [6-1].

It is so ordered.

_____
Wayne R. Andersen
United States District Judge

Dated: November 18, 2004